UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

AMY LEE SULLIVAN d/b/a DESIGN KIT
327 9th Street
Baraboo, WI 53913

                Plaintiff,

        v.

FLORA, INC.
805 East Badger Road
Lynden, WA 98264

                                                        Case No. 15-cv-298
DESIGNOMOTION, INC.
67 East 11th Street, #324
New York, NY  10003

and

EVA (YU-FEI) KAO
328 West 34th Street
New York, NY 10001

                Defendants.

## COMPLAINT

Plaintiff, Amy Lee Sullivan d/b/a Design Kit ("Amy Sullivan"), by and through her attorneys, DeWitt Ross & Stevens S.C., for her Complaint against Defendants, Flora, Inc. ("Flora"), Designomotion, Inc. ("Designomotion"), and Eva (Yu-Fei) Kao ("Kao"), states as follows:

### NATURE OF THE ACTION

1.      In this action, Amy Sullivan seeks remedies against Flora, Designomotion, and Kao for copyright infringement, contributory copyright infringement, for a declaratory judgment regarding the authorship and ownership

of certain illustration works, and for violation of the Lanham Act.  Amy Sullivan

seeks additional remedies against Designomotion for breach of license agreement

and breach of the implied covenant of good faith and fair dealing.

## THE PARTIES

1.      The Plaintiff Amy Sullivan d/b/a Design Kit is a citizen of the State

of Wisconsin and resides in the Western District of Wisconsin.

2.      Amy Sullivan has designed and illustrated graphic art and

illustrations for commercial use.

3.      Upon information and belief, Designomotion is a New York

corporation with its principal place of business at 67 East 11 Street, #324, New

York, New York 10003.

4.      Designomotion develops and produces graphic videos for commercial

use.

5.      Upon information and belief, Flora is a Washington corporation with

its principal place of business at 805 East Badger Road, Lynden, Washington,

98264.

6.      Flora manufactures and distributes health-related products.

7.      Upon information and belief, Kao is a resident of the state of New

York.

8.      Kao is a graphic designer who designs and produces graphic designs,

motion graphics and other visual effects.

## JURISDICTION AND VENUE

9.     This case arises under the copyright (17 U.S.C. § 101 *et seq.*) laws of the United States so this court has subject matter jurisdiction in this case under 28 U.S.C. §§ 1331 and 1338.

10.    The court has personal jurisdiction over Flora because it conducts substantial, ongoing business within the Western District of Wisconsin.

11.    The court has personal jurisdiction over Designomotion because Designomotion's intentional copyright infringement was directed to Plaintiff, a resident of the Western District of Wisconsin, a fact known to Designomotion. The brunt of the harm caused by Designomotion's intentional conduct was suffered in the Western District of Wisconsin.

12.    The court has personal jurisdiction over Kao because Kao's intentional copyright infringement was directed to Plaintiff, a resident of the Western District of Wisconsin, a fact known to Kao.  The brunt of the harm caused by Kao's intentional conduct was suffered in the Western District of Wisconsin.

13.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1400 because Flora regularly and systemically conducts business activities in the Western District of Wisconsin, and the brunt of the harm caused by Designomotion's and Kao's intentional torts occurred in the Western District of Wisconsin.

14.     The court has supplemental jurisdiction under 28 U.S.C. § 1367 because the state law claims are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## BACKGROUND

15.     Amy Sullivan is an illustrator and graphic designer based in Baraboo, Wisconsin.

16.     On or about February 15, 2013, Amy Sullivan entered into a service and licensing agreement ("the License Agreement") with Designomotion and Designomotion's Founder and Creative Director Joseph Silver.

17.     The License Agreement provided for the licensing of illustrations and storyboard development for use in a Flora video titled "Flora 7-Sources."

18.     Amy Sullivan completed the project to the satisfaction of Designomotion and Flora and fulfilled her duties under the License Agreement.

19.     Designomotion paid the invoice for Amy Sullivan's work, which re-stated the license terms.

20.     Amy Sullivan then provided Designomotion with copies of her working files.

21.     On or about April 7, 2013, Amy Sullivan and Designomotion entered into a second project, titled "Flor-Essence," under the same terms as originally listed in the License Agreement.

22.     On or about May 31, 2013, Amy Sullivan completed the Flor-Essence project to the satisfaction of Designomotion and Flora and fulfilled her duties pursuant to the parties' agreement.

23.     Designomotion paid the invoice for Amy Sullivan's work, which re-stated the license terms.

24.     Amy Sullivan then provided Designomotion with copies of her working files.

25.     At least as of October 15, 2013, Flora had re-used Amy Sullivan's illustration stills from the two previous videos without her consent in new, independent online promotional advertising for Flora.

26.     On or about October 16, 2013, Amy Sullivan emailed Designomotion and Flora regarding her work being re-used without her consent.

27.     In response to Amy Sullivan's email, Designomotion requested that she provide Designomotion with links to all online infringements and identify corresponding licensing fees.

28.     Amy Sullivan also received a reply from Tricia Terpstra at Flora, stating that Flora did not hire her and was not aware of what her involvement with the project was, and suggesting that Amy Sullivan contact Joseph Silver at Designomotion instead.

29.     At least as of October 23, 2013, Designomotion had published a third video for Flora titled "Floradix" on a company website using Amy Sullivan's

working files, illustration style and background illustration texture without her authorization.

30.     Flora subsequently removed some of the images in the links that Amy Sullivan provided to Designomotion on October 17, 2013.

31.     On November 6, 2013, Amy Sullivan registered the copyright for "7 Sources" illustrations, Registration No. VA 1-888-930.  A copy of the Certificate of Registration is attached as Exhibit A. The individual images covered by the registration are attached as Exhibits B through R.

32.     On December 12, 2013, Amy Sullivan registered the copyright for the "Flor-Essence" illustrations, Registration No. VA 1-893-717.  A copy of the Certificate of Registration is attached as Exhibit S.  The individual images covered by the registration are attached as Exhibits T through II.

33.     That same day, Amy Sullivan sent a Notice to Flora by certified mail and to Designomotion by email regarding use of her work, along with a licensing agreement for continued use of her copyright protected work.

34.     On or about December 13, 2013, Flora published a Floradix video that appeared to have been created using Amy Sullivan's Flor-Essence working files.

35.     On February 27, 2014, Amy Sullivan received an email from Designomotion stating that Flora was requesting a full buyout of Amy Sullivan's working files for $2,000.

6

36.     Designomotion informed Amy Sullivan that if the deal was accepted, Designomotion wanted 50%, or $1,000, of the buyout money.

37.     Amy Sullivan did not accept the offer and did not give Designomotion nor Flora the right to use her work.

38.     On or about June 2, 2014, Kao, working at Designomotion during this period of time, published a Flor-Essence video online and on two portfolio websites, all of which featured Amy Sullivan's copyrighted illustration stills.

39.     Kao falsely claimed to be the illustrator and designer of the illustration stills used in the Flor-Essence video.

40.     On or about June 25, 2014, MedMelon, a distributor and affiliate of Flora, published unauthorized illustrations based on Amy Sullivan's work in a Greek version of the Flor-Essence video in order to sell Flora products.

41.     On or about July 18, 2014, Flora published a Spanish version of the Flor-Essence video containing illustrations originating from Amy Sullivan's working files, using Amy Sullivan's background texture and based on Amy Sullivan's registered illustrations, in order to sell Flora products.

42.     On November 6, 2014, Amy Sullivan emailed Joseph Silver at Designomotion to inquire about the Spanish video, which she had only discovered days earlier.

43.     In response, in a November 7, 2014 email, Joseph Silver told Amy Sullivan that any artwork she worked on had been removed from the Spanish version of the Flor-Essence video.

44.     That statement was false, and the illustrations utilizing Amy Sullivan's work remained in the Spanish Flor-Essence video.

45.     On or about February 21, 2015, Designomotion's subdivision based in Spain published a company show reel that featured Amy Sullivan's registered illustration stills and artwork based on Amy Sullivan's registered works.

46.     Designomotion's New York subdivision also published a company show reel that featured Amy Sullivan's registered illustration stills and artwork based on Amy Sullivan's registered works.

47.     Flora is continuing to use the Flor-Essence videos containing illustrations originating from Amy Sullivan's working files, using Amy Sullivan's background illustration texture and based on Amy Sullivan's registered illustrations, for the purpose of selling Flora's products.

48.     Designomotion continues to feature unauthorized illustrations originating from Amy Sullivan's working files, using Amy Sullivan's background illustration texture and based on Amy Sullivan's registered illustrations, for the purpose of marketing Designomotion's services.

49.     Kao continues to falsely claim authorship of the illustrations used in the Flor-Essence video and the Floradix illustrations, for the purpose of marketing her services as a graphic designer.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

50.     Amy Sullivan repeats and realleges each of the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.     On November 6, 2013, Amy Sullivan registered the copyright for "7 Sources" illustrations," Registration No. VA 1-888-930.

52.     On December 12, 2013, Amy Sullivan registered the copyright for the "Flor-Essence" illustrations, Registration No. VA 1-893-717.

53.     Flora copied and modified Amy Sullivan's registered Flor-Essence illustrations and is using those works to sell Flora's products in at least six different countries: the United States, Canada, Spain, Norway, China and Greece.

54.     Flora's acts constitute direct infringement of Amy Sullivan's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq*.).

55.     Flora's acts were and are intentional, willful, and in disregard of and with indifference to the rights of Amy Sullivan.

56.     As a result of Flora's infringement, Amy Sullivan has suffered damages.

57.     Amy Sullivan will be irreparably harmed unless an injunction is issued against Flora.

58.     Designomotion copied and modified Amy Sullivan's registered Flor-Essence illustrations and 7 Sources illustrations without authorization and sold the unauthorized works to Flora.

59.     Designomotion's acts constitute direct infringement of Amy Sullivan's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

60.     Designomotion's acts were and are intentional, willful, and in disregard of and with indifference to the rights of Amy Sullivan.

61.     As a result of Designomotion's infringement, Amy Sullivan has suffered damages.

62.     Amy Sullivan will be irreparably harmed unless an injunction is issued against Designomotion.

63.     Kao has claimed authorship and design of illustrations originating from Amy Sullivan's registered Flor-Essence illustrations and 7 Sources illustrations without authorization in order to market herself and sell her services as a graphic designer.

64.     Kao's acts constitute direct infringement of Amy Sullivan's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

65.     Kao's acts were and are intentional, willful, and in disregard of and with indifference to the rights of Amy Sullivan.

66.     As a result of Kao's infringement, Amy Sullivan has suffered damages.

67.     Amy Sullivan will be irreparably harmed unless an injunction is issued against Kao.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

68.     Amy Sullivan repeats and realleges each of the allegations contained in paragraphs 1 through 67 as if fully set forth herein.

69.     Amy Sullivan owns registered copyrights for the 7 Sources illustrations and the Flor-Essence illustrations.

70.     Designomotion directly infringed Amy Sullivan's copyrights.

71.     Flora and Kao knew that Designomotion was directly infringing Amy Sullivan's copyrights.

72.     Both Flora and Kao substantially participated in assisting Designomotion to infringe Amy Sullivan's copyrights by copying and modifying works from Amy Sullivan's 7 Sources illustrations and Flor-Essence illustrations.

73.     As a result of Flora and Kao's contributory copyright infringement, Amy Sullivan has suffered damages.

74.     Flora directly infringed Amy Sullivan's copyrights.

75.     Designomotion and Kao knew that Flora was directly infringing Amy Sullivan's copyrights.

76.     Both Designomotion and Kao substantially participated in assisting Flora to infringe Amy Sullivan's copyrights by copying and modifying works from Amy Sullivan's 7 Sources illustrations and Flor-Essence illustrations.

11

77.    As a result of Designomotion's and Kao's contributory copyright infringement, Amy Sullivan has suffered damages.

78.    Kao directly infringed Amy Sullivan's copyrights.

79.    Designomotion and Flora knew that Kao was directly infringing Amy Sullivan's copyrights.

80.    Both Designomotion and Flora substantially participated in assisting Kao to infringe Amy Sullivan's copyrights by copying and modifying works from Amy Sullivan's 7 Sources illustrations and Flor-Essence illustrations.

81.    As a result of Designomotion's and Flora's contributory copyright infringement, Amy Sullivan has suffered damages.

## COUNT III
## DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS

82.    Amy Sullivan repeats and realleges each of the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

83.    Amy Sullivan owns registered copyrights for the 7 Sources illustrations and the Flor-Essence illustrations.

84.    Flora, Designomotion and Kao all claim that modified versions of Amy Sullivan's copyrighted works were not authored by Amy Sullivan, and that Amy Sullivan has no ownership interest in said works.

85.    Kao claims that she is the author of works based on Amy Sullivan's copyrighted works.

86.    As a result of Flora's, Designomotion's and Kao's improper claims regarding authorship, Amy Sullivan has been damaged.

87.    Amy Sullivan will suffer irreparable harm unless a declaratory judgment is entered declaring that the modified Flor-Essence and 7 Sources works are subject to Amy Sullivan's registered copyrights.

## COUNT IV
## BREACH OF THE LICENSE AGREEMENT
## AGAINST DESIGNOMOTION

88.    Amy Sullivan repeats and realleges each of the allegations contained in paragraphs 1 through 87 as if fully set forth herein.

89.    Amy Sullivan and Designomotion entered into a License Agreement.

90.    As part of the License Agreement, Amy Sullivan agreed to license designated illustrations to Flora for use in an animated video for use in online and television advertising for Flora.

91.    Among other terms, the License Agreement required Designomotion to provide an accounting of the use and re-use of Amy Sullivan's work made by Flora, along with payment of the customary fee for such usage.

92.    Under the License Agreement, the artwork was to remain the property of Amy Sullivan and any usage rights not exclusively transferred were reserved to Amy Sullivan.

93.     Designomotion materially breached the License Agreement in at least the following ways:

13

(a)   Not providing Amy Sullivan with an accounting of Flora's unauthorized use of her works subject to the License Agreement;

(b)   Not paying Amy Sullivan for the unauthorized use of her works subject to the License Agreement;

(c)   Transferring usage rights to itself and Flora without obtaining Amy Sullivan's permission or providing her with payment for such usage.

(d)   Allowing Kao to claim ownership of work based on Amy Sullivan's copyrighted works.

94.   As a result of Designomotion's material breaches, Amy Sullivan has suffered damages.

## COUNT V
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DESIGNOMOTION

95.   Amy Sullivan repeats and realleges each of the allegations contained in paragraphs 1 through 94 as if fully set forth herein.

96.   Designomotion's conduct constitutes a violation of the covenant of good faith and fair dealing implied in the License Agreement.

97.   As a result of the breach of the covenant of good faith and fair dealing, Amy Sullivan has suffered damages.

14

## COUNT VI
## TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION
## OF ORIGIN UNDER THE LANHAM ACT AGAINST
## DEFENDANTS KAO AND DESIGNOMOTION

98.    Amy Sullivan repeats and realleges each of the allegations contained in paragraphs 1 through 97 as if fully set forth herein.

99.    Defendants Kao and Designomotion promoted and marketed designs and illustrations bearing the trade dress of Amy Sullivan's Flor-Essence and 7 Sources illustrations and design.

100.    Kao has improperly claimed authorship of Amy Sullivan's Flor-Essence and 7 Sources illustrations and design.

101.    Designomotion has not properly attributed the origin and authorship of Amy Sullivan's Flor-Essence and 7 Sources illustrations and design, has implied its own creation of said work, and has allowed Kao to claim that the work originated from Kao and Designomotion.

102.    Kao and Designomotion's use of Amy Sullivan's distinctive trade dress in connection with the promotion and sale of Defendants' services is likely to cause confusion and mistake.

103.    Kao and Designomotion's use of Amy Sullivan's distinctive trade dress deceives, and is likely to deceive, others about the origin and approval of Amy Sullivan's proprietary illustrations.

104.    Kao and Designomotion misrepresent the origin of Amy Sullivan's illustrations and design in their commercial advertising and promotion.

105.   Kao and Designomotion's unauthorized use of the trade dress of Amy Sullivan's Flor-Essence and 7 Sources illustrations and design constitutes a violation of the Lanham Act, 15 U.S.C. § 1125.

106.   Amy Sullivan will suffer irreparable harm unless she is awarded preliminary and permanent injunctive relief against Kao and Designomotion's use of Amy Sullivan's Flor-Essence and 7 Sources illustrations and design.

107.   Defendants Kao and Designomotion are and have been aware of Amy Sullivan's rights in the trade dress of her Flor-Essence and 7 Sources illustrations.

108.   Despite Kao and Designomotion's knowledge of Amy Sullivan's rights, Kao and Designomotion willfully continued their infringing behavior, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

109.   Amy Sullivan has been damaged by Kao and Designomotion's infringing behavior.

## REQUEST FOR RELIEF

WHEREFORE, Amy Sullivan seeks Judgment against Defendants as follows:

**A.     As to Copyright Infringement Claims (Counts I and II):**

i.     For a finding of infringement by all Defendants of Amy Sullivan's 7 Sources illustrations and Flor-Essence illustrations registered copyrights;

16

ii.      For a finding of infringement by all Defendants of Amy Sullivan's other copyrighted works created as part of her work on the Flora and Designomotion projects;

iii.     For a finding that Defendants' copyright infringement was knowing, willful, and deliberate;

iv.     Enjoining further infringement, inducement of infringement, and contributory infringement;

v.      For an Order that Defendants account to Amy Sullivan for all profits derived from their infringement;

vi.     For an award to Amy Sullivan against Defendants, jointly and severally, pursuant to 17 U.S.C. § 504, the profits earned by Defendants, as well as Amy Sullivan's actual damages, or at the election of Amy Sullivan, statutory damages for an amount not less than $150,000 per infringement;

vii.    For an award to Amy Sullivan against Defendants, jointly and severally, pursuant to 17 U.S.C. § 505, for Amy Sullivan's reasonable costs and attorney fees;

viii.   For pre-judgment and post-judgment interest; and

ix.     For such other and further relief as may be just and proper.

**B.**     **As to Declaratory Judgment (Count III):**

     i.     For a declaratory judgment declaring that the illustrations used in the subject Flor-Essence and 7 Sources advertising campaigns are owned by Amy Sullivan;

     ii.     For a declaratory judgment declaring that the License Agreement was terminated by reason of Designomotion's material breaches of that agreement;

     iii.     For a declaratory judgment declaring that Amy Sullivan is the author of the subject Flor-Essence and 7 Sources works;

     iv.     For such other and further relief as may be just and proper under the circumstances.

**C.**     **As to the Breach of the License Agreement and the Covenant of Good Faith and Fair Dealing (Counts IV and V):**

     i.     For a finding of breach of contract by Designomotion;

     ii.     For a finding of breach of the implied covenant of good faith and fair dealing by Designomotion;

     iii.     For damages, including consequential damages; and

     iv.     For pre-judgment and post-judgment interest; and

     v.     For such other and further relief as may be just and proper under the circumstances.

**D.      As to the Lanham Act violations (Count VI)**

      i.      For a finding that Kao and Designomotion violated the Lanham Act, 15 U.S.C. § 1125;

      ii.      For a finding that Kao and Designomotion's violation was an exceptional case under 15 U.S.C. §1117;

      iii.      That Kao and Designomotion be enjoined and restrained during the pendency of this action and permanently thereafter from using Amy Sullivan's Flor-Essence and 7 Sources trade dress or any other trade dress confusingly similar to Amy Sullivan's trade dress;

      v.      For all damages sustained by Amy Sullivan;

      vi.      For an accounting by Kao and Designomotion of all gains, profits and advantages derived by them related to their unlawful use of Amy Sullivan's trade dress.

      vii.      For costs and reasonable attorney fees.

      viii.      For pre-judgment and post-judgment interest; and

      vi.      For such other and further relief as may be just and proper under the circumstances.

**JURY DEMAND**

Amy Sullivan hereby demands a trial by jury as to all issues so triable.

19

Dated this <u>20th</u> day of May, 2015.

**DEWITT ROSS & STEVENS s.c.**

By: <u>s/ Harry E. Van Camp</u>
      Harry E. Van Camp (#1018568)
      Elijah B. Van Camp (CA #252289)
      Two East Mifflin Street, Suite 600
      Madison, WI  53703-2865
      hvc@dewittross.com
      evc@dewittross.com
      608-255-8891

      Attorneys for Plaintiff