IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY LEE SULLIVAN d/b/a DESIGN KIT,

                      Plaintiff,                    OPINION AND ORDER

v.

                                                15-cv-298-wmc

FLORA, INC.,

                      Defendant.

---

In her amended complaint, Amy Sullivan alleges that defendant Flora, Inc. violated 17 U.S.C. § 101 by improperly using plaintiff's copyrighted materials. Before this court is defendant's Rule 12(b)(7) motion to dismiss plaintiff's amended complaint for failure to join Designomotion, Inc., and Eva Kao, who were named as defendants in plaintiff's original complaint but then were voluntarily dismissed without prejudice by plaintiff's unilateral filing of Rule 41(a)(1) notices. (Dkt. #18.) The remaining defendant, Flora, contends that because plaintiff created the materials in dispute jointly with these two other parties, those parties are required to determine actual ownership of the materials. Flora further contends that ownership of these materials must be resolved before this court decides any infringement claim. For the reasons set forth below, the court finds that Rule 19(a) does not require joinder of these two parties. Therefore, it will deny defendant's motion to dismiss for failure to join a required party.

Also before the court is plaintiff's motion for leave to file a second amended complaint, adding an unjust enrichment claim (dkt. #26), which the court will grant for the reasons provided at the end of this opinion.

BACKGROUND

On February 15, 2013, Sullivan entered into an agreement with Designomotion, Inc., to produce artwork for two videos, entitled "Flora 7-Sources" and "Flor-Essence." These videos were for Designomotion's client, Flora, Inc. Eva Kao, a Designomotion employee, helped develop the videos. Sullivan completed the artwork for both videos by May 31, 2013.

On October 15, 2013, Sullivan discovered that Flora had reused her artwork from these two videos in new promotional advertising. Sullivan contacted Flora the next day about this usage. Some of the images were subsequently removed by October 17.

On November 6, 2013, Sullivan obtained a copyright for the illustrations she provided for the "Flora 7-Sources" video. On December 12, 2013, she also obtained a separate copyright for the illustrations she provided for the "Flor-Essence" video.

On the same date, December 12, 2013, Sullivan again contacted Flora about unauthorized use of her work, and she proposed a licensing agreement for continued use of her illustrations. Flora declined. Since obtaining her copyrights, Sullivan alleges that Flora (1) has reused her protected artwork on several occasions and (2) continues to do so, all without her consent.

On May 20, 2015, Amy Sullivan filed her original complaint against three defendants: Flora, Inc., Designomotion, Inc., and Eva Kao. This complaint claimed damages for federal copyright infringement, contributory copyright infringement, breach of license agreement, breach of covenant of good faith and fair dealing, trade dress infringement, and false designation of origin under the Lanham Act. (Dkt. #1.) It also

sought declaratory judgment for ownership of the copyrighted material in dispute.

On August 4, 2015, plaintiff voluntarily dismissed both Designomotion, Inc. and Kao from her complaint. In response, Flora both answered the complaint and filed a motion to dismiss for failure to join a necessary or indispensable party under Rule 19. (Dkt. ##15, 18.) While plaintiff later filed an amended complaint, she again listed Flora as the sole remaining defendant. (Dkt. #17.) The amended complaint did, however, only claim damages for federal copyright infringement against Flora, and it also did not include any claim for a declaratory judgment as to the ownership of the materials at issue. In response, Flora renewed her original objection by filing a second motion to dismiss for failure to join a necessary or indispensable party under Rule 19, which remains pending before the court.

## OPINION

**I. Motion to Dismiss Pursuant to Rule 12(b)(7)**

Under Rule 19(a)(1), a so-called "required party" is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:"

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the absentee party is found to be a required party under Rule 19(a)(1), but cannot feasibly be joined in suit, then the court must proceed to Rule 19(b) to determine whether to proceed without the party or dismiss the lawsuit. *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 634 (7th Cir. 2009). If an action cannot proceed without the required party, than the party is deemed "indispensable" and the proceeding must be dismissed.

Flora argues that Designomotion and Kao are required parties under Rule 19 for two overlapping (if not identical) reasons. *First*, Flora argues that both Designomotion and Kao have claimed an interest in the copyrighted materials and proceeding in their absence would impair their ability to protect that interest. As an initial matter, it is unclear that *either* of the absent parties has claimed an interest in the copyrighted materials. To support its argument, Flora relies heavily on allegations contained in plaintiff's original complaint, but dropped from her amended complaint, which allege that Designomotion and Kao both improperly claimed an ownership interest in her materials. While it is true that the court may look to extrinsic evidence outside of the amended complaint in deciding a Rule 19 challenge, a since withdrawn allegation of ownership is not enough to establish that either company claimed interest in copyrighted materials. *See Ladenberger v. Nat'l Tech. Transfer, Inc.*, No. 99 C 5348, 2000 WL 1349247, at *4 (N.D. Ill. Sept. 19, 2000) (noting that courts need more than a mere allegation of ownership to establish a claimed interest). The court is therefore unpersuaded that these

4

dropped allegations alone justify compulsory joinder under Rule 19.

Nor have Designomotion or Kao sought to intervene in this case. Typically, a party elects to intervene in cases where its interest may be inadequately represented by the current parties. *See* Fed. R. Civ. P. 24. For this reason, courts may factor an absentee's choice *not* to seek to intervene in determining the presence of a claimed interest. *Ladenberger*, 2000 WL 1349247, at *4. Indeed, the Seventh Circuit prefers for "the absent party [to] claim [the] interest" in compulsory joinder cases. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 483 (7th Cir. 2001). The fact that both Designomotion and Kao have chosen to abstain from the litigation since being dismissed suggests that they have no interest in the materials, or at least not a substantial one. *Id.* ("[U]nder Rule 19(a) it is the absent party that typically must claim such an interest."); *see also States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (holding that a district court properly found joinder unnecessary where an absent party was aware of litigation but did not personally claim an interest in the matter); *Ladenberger*, 2000 WL 1349247, at *4 (noting that a court may factor a party's choice not to intervene into Rule 19 analysis).

Finally, Flora points to two letters allegedly showing that Designomotion played a significant role in developing the copyrighted materials, and therefore it possesses an ownership interest in them. (Terpstra Decl., Ex. 1 (dkt. #20-1) 2 ("In fact, the Flor-Essence Video is not your sole work. It was a collaborative multimedia effort authored by Designomotion, the client (Flora), as well as a team of 6 artists hired by Designomotion."); Steger Decl., Ex. A (dkt. #25-1) 2 ("Both projects were collaborative efforts that involved contributions from Mr. Silver, Ms. Sullivan and other artists

5

engaged by Designomotion."). After reviewing both letters, the court is unpersuaded. As an initial matter, the letters do not claim that the allegedly infringed materials were actually the product of joint collaboration. Instead, they focus primarily upon the collaborative production of the final videos, rather than the elements plaintiff alleges she produced singlehandedly.[1]

*Second*, Flora argues that plaintiff's copyrights improperly designate her as the sole owner of the materials by failing to acknowledge that the materials were jointly created with Designomotion and Kao. Upon this first dubious proposition, Flora adds another by arguing that as alleged owners, they must be joined to this litigation to resolve ownership of the materials before the court could proceed with an infringement claim. In fact, the copyrights as written support a finding that neither unnamed "owner" of the copyrighted materials need to be joined to this litigation to determine infringement. Stated another way, the one thing *clearly* in dispute is plaintiff's ownership of the copyrighted materials, even in the absence of Designomotion or Kao.

In short, Flora disputes plaintiff's ownership of the copyrighted materials, and nothing bars Flora from raising that as a defense. Obviously, plaintiff will need to demonstrate an ownership interest in the alleged infringed materials and Flora disputes it. Neither Designomotion nor Kao need to be part of this lawsuit to make such a showing. Nor is there anything preventing Flora from taking discovery from either in an

---

[1] Plaintiff raises a challenge to the letters based on hearsay, which the court rejects. Flora is not relying on the letters for the truth of the matter asserted -- that Designomotion and others actually have an ownership interest in the copyrighted works -- but rather relies on them to demonstrate a state of mind -- that Designomotion asserts such a claim.

effort to challenge plaintiff's copyright claim.

In denying defendant's motion, the court does bind plaintiff to the scope of the copyright infringement claims made against Flora in the amended complaint. The court would also consider a motion by the absentee parties to intervene in this litigation, if they wish, but nothing prevents this lawsuit proceeding without them.

## II. Motion for Leave to File Second Amended Complaint

Plaintiff seeks leave to file a second amended complaint adding an alternative claim for unjust enrichment based on possible benefits defendant received outside of the United States, should she fail to demonstrate that Flora's foreign profits fall within the exception to the so-called "rule of extraterritoriality." (Pl.'s Br (dkt. #27) 2.) In opposition, defendant does not argue that such a claim is preempted by copyright law, 17 U.S.C. § 301(a), and for good reason -- plaintiff's unjust enrichment claim is premised on activities that fall outside of the boundaries of copyright law. *See Zimnicki v. Neo-Neon Int'l, Ltd.*, No. 06 C 4879, 2009 WL 3805591, at *3 (N.D. Ill. Nov. 9, 2009) ("'[F]ederal copyright law does not apply to extraterritorial acts of infringement,' the Copyright Act 'does not preempt causes of action premised upon possible extraterritorial infringement.'" (quoting *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995))).

Instead, defendant contends that such a claim is futile because plaintiff will not be able to *establish* the elements of an unjust enrichment claim. (Def.'s Opp'n (dkt. #31) 1 (arguing that plaintiff "cannot establish that Flora knew Plaintiff was conferring a benefit on Flora"). In so arguing, however, defendant conflates the pleading standard with that

7

required at summary judgment. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Here, plaintiff's proposed complaint sufficiently alleges the elements of an unjust enrichment claim -- (1) Sullivan conferred a benefit in the form of Flora publishing foreign language versions of her illustrations; (2) Flora appreciated the benefit based on Sullivan notifying Flora of their unlawful use; and (3) Flora accepted and retained the benefit under circumstances making it inequitable for it to retain the benefit without payment. *See Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 658 F.3d 760, 766 (7th Cir. 2011). (*See also* Pl.'s Reply (dkt. #35) 4-6 (describing allegations in the Proposed 2d Am. Compl. (dkt. #26-1) ¶¶ 21-44).)

Inexplicably, the defendant's opposition also dwells on plaintiff's efforts to seek discovery on foreign profits. However, that issue has already been addressed by Magistrate Judge Crocker in response to a motion to compel discovery, and appropriately so. (*See* Pl.'s Mot. to Compel (dkt. #40); Order (dkt. #49).) Regardless, the parties' dispute about the scope of discovery has little, if anything, to do with plaintiff's motion to amend under Rule 15(a)(2).

Finally, defendant asserts generally that it will be prejudiced by a further amendment to the complaint, especially in light of the fact that plaintiff could and should have sought leave earlier. This argument goes nowhere as well. Plaintiff's alternative claim for unjust enrichment is based on the same set of facts as those proposed in her first amended complaint, and while perhaps plaintiff could have asserted

this claim sooner, she did so well in advance of the dispositive motion deadline. Indeed, in its summary judgment motion, defendant also moved for summary judgment on the proposed unjust enrichment claim. (Def.'s Opening Br. (dkt. #52) 3.) As such, the court finds the proposed amendment appropriate under Rule 15(a)(2).

ORDER

IT IS ORDERED that:

1) Defendant Flora, Inc.'s motion to dismiss (dkt. #18) is DENIED.

2) Plaintiff Amy Sullivan's motion for leave to file a second amended complaint (dkt. #26) is GRANTED. Defendant's answer is due on or before August 26, 2016.

Entered this 12th day of August, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge