IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────

AMY LEE SULLIVAN,

                Plaintiff,                            ORDER

    v.                                                       15-cv-298-wmc

FLORA, INC.,

                Defendant.
─────────────────────────────────────────────

The parties dispute whether plaintiff's copyrighted illustration collection counts as one work or multiple works for purposes of the jury's determination of a statutory damages award pursuant to 17 U.S.C. § 504(c)(1). That provision provides:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, *with respect to any one work*, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c)(1) (emphasis added).

Based on the undisputed fact that plaintiff registered her two illustration collections as a collective or group work under 17 U.S.C. § 408(c)(1) and 37 C.F.R. § 202.3(b)(4)(i), and that that identification appears appropriate -- or, at least, defendant has failed to explain why the copyrighted works do not appropriately fall within that designation -- the court concluded that the copyrighted works are collective works, in which contributions, *constituting separate and individual works in themselves*, are assembled into a collective whole." 17 U.S.C. § 101 (emphasis added). Critically, the court rejected defendant's argument that the copyrighted works should be viewed as "compilations." *See id.* (defining a compilation as "a work formed by the collection

and assembling of preexisting materials or of data that are selected, coordinated or arranged in such a way that the resulting work as a whole constitutes and original work or authorship"). As quoted above, for the purposes of determining statutory damages, "all the parts of a compilation . . . constitute one work." 17 U.S.C. § 504(c)(1). The same is not true, however, for a collective work.

The court issued this ruling on the record during a telephonic conference, at which point, defendant argued that a district court case submitted by plaintiff on a separate issue was also relevant to this question concerning statutory damages. The court granted defendant leave to file a supplemental brief on this issue, which it has now done. (Dkt. #237.) In that brief, defendant directs the court to *Tomelleri v. Zazzle, Inc.*, No. 13-CV-02576-EFM-TJJ, 2015 WL 8375083 (D. Kan. Dec. 9, 2015), in which the court described a split in the circuits in determining whether a plaintiff should be allowed to receive "multiple statutory damages award if part of the compilation copied 'has an independent economic valid and it, in itself, viable." *Id.* at *16. This opinion's overview of the circuit split -- which, it appears, the Seventh Circuit has not addressed. Perhaps would be useful to this court if plaintiff's copyrighted works were compilations, but the court has already concluded -- and defendant has failed to develop any meaningful contrary theory -- that the copyrighted works are illustrations. Under 17 U.S.C. § 101, therefore, the individual illustrations are individual works, entitling Sullivan to separate statutory damages awards. If this case reaches the damages phase, the jury will be so instructed.

Entered this 17th day of April, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge