IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMY LEE SULLIVAN,

          Plaintiff,

v.

FLORA, INC.,

          Defendant.

OPINION AND ORDER

15-cv-298-wmc

At the close of defendant Flora, Inc.'s case in chief on its joint works defense, plaintiff filed a motion for judgment as a matter of law, raising two grounds. (Dkt. #242.) For the reasons that follow, the court will deny the motion. Plaintiff, however, has preserved these arguments for a Rule 50(b) motion and for appeal.

Under Federal Rule of Civil Procedure 50(a), a court may "enter judgment against a party who has been fully heard on an issue during a jury trial if 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (quoting Fed. R. Civ. P. 50(a)). In considering a Rule 50 motion, the court is to "construe the facts strictly in favor of the party that prevailed at trial," including drawing "[a]ll reasonable inferences in that party's favor and disregarding all evidence favorable to the moving party that the jury is not required to believe." *May v. Chrysler Group, LLC*, 692 F.3d 734, 742 (7th Cir. 2012) (internal citations and quotation marks omitted). In particular, the court is not to make credibility determinations or weigh the evidence; it need only determine whether "more than 'a mere scintilla of evidence' supports the verdict." *Id.* (quoting *Hossack v. Floor Covering Assoc. of Joliet, Inc.*, 492 F.3d 853, 859 (7th Cir. 2007)). Said another way, the

court's "job is to decide whether a highly charitable assessment of the evidence supports the jury's verdict or if, instead, the jury was irrational to reach its conclusion." *May*, 692 F.3d at 742.

## I. Relevance of License from Designomotion to Flora

Plaintiff contends that to succeed on its joint works defense, defendant also would have to prove that it had a valid license from Designomotion, assuming that the jury were to find that Sullivan and Designomotion intended to produce a joint work. In support, plaintiff cites to *Janky v. Lake Cty.*, 576 F.3d 356, 358, 360 (7th Cir. 2009), in which the court explained the legal effect of a joint work -- namely, that either party can use or authorize its use -- and that in *Janky*, the co-author Henry Farag had issued the defendant in that case a nonexclusive license.

In her complaint, Sullivan alleges that she is the only person with ownership interests in the two copyrighted illustration collections at issue in this case. (2d Am. Compl. (dkt. #55) ¶¶ 26, 28.) Moreover, she registered her copyrights as the sole author. As such, Sullivan is pursuing her claims as the sole author and owner of the copyrighted works, and a finding in defendant's favor on the joint works defense provides a complete defense to plaintiff's claims because her registrations are not valid.

Whether Designomotion granted Flora a license is not an issue in this case, nor need it be for the court to determine -- based on a jury finding that the parties intended to create a joint work -- that Sullivan's claims for copyright infringement based on her sole ownership fail. If Designomotion did not authorize Flora to use the copyrighted illustrations beyond

the two videos, then Sullivan and Designomotion could pursue a copyright infringement claim as joint authors, or Sullivan could amend her registrations, acknowledging Silver's role and pursue claims as a joint author, assuming those claims are not now barred as a matter of law as to Flora. If Designomotion authorized Flora's use -- which is what Silver testified at trial -- then Silver might be obligated to account to his co-author Sullivan for any profits. *See Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1068 (7th Cir. 1994) (citing 17 U.S.C. § 201). Again, however, that too would have to be decided in a separate lawsuit.

## II. Sufficiency of the Evidence

Plaintiff also argues that no reasonable jury could find that the parties intended to create joint work, because: (1) Silver only provided "art direction"; and (2) defendant did not present any evidence that Sullivan intended to work together. Here, too, the two key cases on this defense from the Seventh Circuit undermine plaintiff's position. First, as to Silver's role, the court, in *Janky*, concluded that the co-author Farag's contribution in "recommend[ing] revising the lyrics," and his recommendations, which Janky adopted, "accounted for 10 percent of the lyrical content," yet did not preclude a finding of joint authorship. 576 F.3d at 359-60. To the contrary, given that Janky credited Farag for his contributions, the court concluded that summary judgment in defendant's favor on the joint works defense was warranted.

As for the second argument, the fact that Sullivan attempted to carve-out her rights under copyright law at the time of the creation of the works and that she now denies that she intended to create a joint work does not foreclose a jury's finding otherwise. As the court explained in *Janky*, "Janky's post hoc rationalization -- that she only intended to

express her gratitude -- is simply at odds with the significant contributions made by Farag and Janky's identification of Farah as a co-author in the copyright registration form." *Janky*, 576 F.3d at 362; *id.* (focus is on the intent at the time the work was create) (citing *Erickson*, 13 F.3d at 1070).

ORDER

IT IS ORDERED that plaintiff's Rule 50(a) motion on defendant's joint works defense (dkt. #242) is DENIED.

Entered this 18th day of April, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge