IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMY LEE SULLIVAN,

                Plaintiff,                             ORDER

v.

                                                      15-cv-298-wmc

FLORA, INC.,

                Defendant.

Following a jury trial, the court entered judgment in favor of plaintiff Amy Lee Sullivan on her copyright infringement claims and related unjust enrichment claims against defendant Flora, Inc. On appeal, the Seventh Circuit affirmed in part and vacated in part, remanding this case "for further proceedings consistent with" its opinion. (Mandate (dkt. #335).) *Sullivan v. Flora*, Nos. 17-2241 & 18-2534, slip op. at *24 (7th Cir. Aug. 21, 2019) (dkt. #335-1). In particular, with respect to the vacated part of the judgment, the Seventh Circuit held that this court erred in relying on Sullivan's copyright applications to determine that her 33 illustrations constituted 33 separate "works." *Sullivan*, slip op. at *5. Instead, as an issue of first impression for this Circuit, the Seventh Circuit held that the appropriate question is "whether the protected works have value only in and through their composite whole (and thus meet the definition of a 'compilation' in § 101)" or whether each has "standalone value at the level of 'one work.'" *Sullivan*, slip op. at *15. The opinion went on to explain that "[a] protected work has standalone value if the evidence shows that work has distinct and discernable value to the copyright holder." *Id.* Accordingly, the Seventh Circuit advised "[o]n remand the district court will have ample

flexibility to structure the proceedings to enable the requisite findings pertinent to statutory damages." *Id.* at *17.

After the mandate issued, therefore, this court directed the parties to "meet and confer as to the appropriate further proceedings on remand and file a joint submission, if possible, setting forth the parties' recommendation," or, if the parties were not able to reach an agreement, the court asked the parties to file their own respective submissions and invited responses. (Dkt. #336.) Not surprisingly, the parties could not reach an agreement; indeed, they have *very* different views as to the appropriate next steps on remand. Plaintiff argues that the court can decide the remaining issue on the factual record before it, pointing to undisputed expert testimony as to the economic value of each illustration submitted in support of plaintiff's request for actual damages at trial. (Pl.'s Br. (dkt. #338) 5-11.) For its part, defendant contends that the court should: (1) reopen discovery on the issue of whether the 33 illustrations have distinct and discernable economic value; (2) set expert disclosure deadlines to address this issue; (3) allow for a second round of dispositive motions; and (4) retry damages, including the jury's award of $350,000 for unjust enrichment based on defendant's use of the illustrations outside of the United States. (Def.'s Br. (dkt. #337).)

Starting with plaintiff's position, the court agrees that plaintiff has pointed to evidence in the record to support a finding that each of the 33 illustrations has distinct and discernable economic value. Specifically, plaintiff's damages expert, Daniel Mager, testified that in his opinion "the market value of a use of Amy Sullivan's illustrations" were "[b]etween 3 and $6,000" for "each illustration." (Pl.'s Br. (dkt. #338) 8 (quoting Trial

Tr. (dkt. #277) 33).) On cross-examination, Mager rejected Flora's attempt to value the illustrations together and reiterated that his estimation of market value was "per illustration." (*Id.* at 9 (quoting Trial Tr. (dkt. #277) 34.) Moreover, in his closing argument, defendant's counsel stated, "[w]e don't have an expert because we basically agree with Mr. Mager. When I questioned him, I can find no point of real disagreement." (*Id.* (quoting Trial Tr. (dkt. #277) 70).) Plaintiff also testified at trial as to her view that the reuse value for *each* of the infringed illustrations was $5,000. (*Id.* (quoting Trial Tr. (dkt. #277) 43).) Finally, defendant also acknowledged both Mager's and Sullivan's testimony at trial as to the economic value of each illustration, and it did not challenge it in its brief in support of motions after verdict. (*Id.* at 7-8 (citing Def.'s Br. (dkt. #296) 14-15).)[1]

While defendant's concession of Mager's testimony about the economic value of *each* illustration suggests that there is no dispute of fact as to this issue, the court readily acknowledges that whether each illustration had distinct and discernable economic value for purposes of determining whether they were each "works" was not an issue during the first trial given the court's motion ruling during the course of trial, which relied on the form of the registration applications, rather than this economic value test. As such, defendant should at least have the opportunity to demonstrate a disputed issue of fact as to plaintiff's position that each illustration has distinct and discernable economic value. However, the

---

[1] The court also notes that trial exhibits included examples of Flora's use of individual, isolated illustrations in its infringing advertisements, which provides further support as to their separate economic value.

3

court completely disagrees with defendant's suggestion that reopening discovery on this issue is required.

Certainly, the Seventh Circuit found that "the record as it presently stands does not allow us to resolve as a factual matter whether all or part of Sullivan's 33 illustrations are separate works with distinct and discernable value of part of two broader compilations," *Sullivan*, slip op. at *17, and the court will allow defendant the opportunity to make that record, but defendant has already had plenty of opportunity to seek whatever discovery it wished on this issue, as well as name experts and produce reports. With both expert and discovery deadlines long since passed, defendant will need to make its record with what is already available.

Moreover, neither party raised the issue of whether plaintiff's illustrations constituted separate works for purposes of determining a statutory damages award in their summary judgment briefs or in motions in limine. Instead, plaintiff filed objections to defendant's proposed jury instruction for "registration as a single work," arguing that "individual works registered in groups under 17 U.S.C. § 408(c) and 37 C.F.R. § 202.3 are each separately protected by copyright and are each entitled to separate statutory damages awards." (Pl.'s Objs. (dkt. #186) 12.) In its initial response on proposed jury instructions, defendant did not even argue that this question turned on whether the individual illustrations each had distinct and discernable economic value; rather, defendant relied on the statutory scheme to argue that plaintiff registered two collections, entitling her to only one statutory damages award per collection. (Def.'s Resp. (dkt. #210) 4.) Plaintiff then filed a response reiterating her position that "collections of works registered pursuant to

4

17 U.S.C. § 408(c)(1) and 37 C.F.R. § 202.3(b)(4)(i) are entitled to individual collection protection related to each discrete work within the collection." (Pl.'s Reply (dkt. #223) 1.) Up until this point, therefore, the parties' briefing -- consistent with this court's ultimate determination -- solely concerned Sullivan's applications and the statutory regime, with again neither party addressing the economic value test now adopted by the Seventh Circuit on appeal.

Indeed, during the final pretrial conference after hearing argument from defendant on this issue, the court further invited defendant to file a supplemental brief on this issue. (4/14/17 Order (dkt. #226).) In its supplemental brief, submitted on the first day of trial, defendant pointed out for the first time that some circuits had adopted a "separate economic value" test for determining the number of "works" for purposes of a statutory damages award, and argued that "each of the illustrations in 7-Sources Illustration Calculation Registration and the Flor-Essence Illustration Collection Registration do not have separate economic value from the contributions of Designomotion and Flora to the illustrations." (Def.'s Suppl. Br. (dkt. #237) 5.) Only then did the court have reason to consider this test, which it then rejected in a short decision issued the next day. (4/17/17 Order (dkt. #240).) Of course, the Seventh Circuit has now determined that this was in error.

The court recounts this history to point out that all of this occurred at the start of trial and well *after* the close of all discovery, including expert discovery. (Prelim. Pretrial Conf. Order (dkt. #16) 3 (setting Sept. 7, 2016, as discovery cutoff date).) In other words, the court made no determination -- and committed no error -- while discovery was open

5

that would have limited its scope or otherwise justified either parties' belief that this was an issue they should not explore. As such, defendant had every opportunity to develop evidence and offer expert testimony to rebut plaintiff's claim that each of her illustrations has distinct and discernable economic value or otherwise show that the economic value of plaintiff's illustrations lies in the combined assembly of those illustrations. On this record, the court will not reopen discovery nor will it permit new experts to be named or disclosed on this issue. The parties already had their chance.

Still, as mentioned above, defendant is entitled to respond to plaintiff's evidence submitted in her brief in response to this court's text order requiring a plan on remand. (*See* Pl.'s Br. (dkt. #338) 7-13.) Accordingly, the court will treat that portion of plaintiff's brief as a motion for summary judgment. Defendant's response is due on or before January 21, 2020; and plaintiff's reply is due January 31, 2020. After reviewing the parties' submissions, the court will determine whether there is a factual dispute requiring a trial or whether the court can conclude that on the undisputed record a reasonable jury would necessarily find the illustrations to be separate works. If so, the court will reenter the original judgment. If not, the court will promptly schedule a retrial on statutory damages.

One final note: in its response, defendant argues that a retrial is also required on the jury's award of $350,000 in damages for unjust enrichment, based on use of the copyrighted illustrations outside of the United States. This argument makes no sense. The jury's determination of a damages award for unjust enrichment of the illustrations in *no* way concerned whether those illustrations should be viewed as separate works or as two compilations. Instead, the jury simply focused on Flora's use of the illustrations outside of

the United States. As such, the Seventh Circuit's limited remand does not appear to implicate that portion of the award. Indeed, the Seventh Circuit's instructions on remand were limited to the court structuring proceedings "to enable the requisite findings pertinent to *statutory* damages." *Sullivan*, slip op. at *17 (emphasis added). There is nothing in that decision that requires the court or a jury to revisit the unjust enrichment award.

ORDER

IT IS ORDERED that defendant Flora, Inc.'s response to plaintiff Amy Sullivan's motion for summary judgment on the issue of whether her 33 copyrighted illustrations constitute separate works for determining a statutory damages award is due on or before January 21, 2020; plaintiff's reply is due January 31, 2020.

Entered this 20th day of December, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge