IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY LEE SULLIVAN d/b/a DESIGN KIT,

                      Plaintiff,

   v.                                                   OPINION and ORDER

FLORA, INC.,                                            15-cv-298-jdp

                      Defendant.

---

Plaintiff Amy Lee Sullivan is suing Flora, Inc. for infringing her copyright on illustrations that Sullivan created for Flora as part of two advertising campaigns. Sullivan says that Flora exceeded the scope of its license by using her work beyond the two campaigns. The case has been remanded to determine some issues related to statutory damages. But the scope of the issues to be resolved isn't completely clear. In this opinion, the court will do its best to determine the scope of the outstanding issues. And, somewhat reluctantly given the already complicated procedural history of the case, it will authorize an interlocutory appeal to get guidance from the court of appeals.

BACKGROUND

A contested issue throughout this case has been the number of individual works that Sullivan created for Flora. The creative work at issue consists of two digital animations which include 33 separate component illustrations. Sullivan says that there are 33 separate works; Flora says that there are two. This matters because statutory damages for copyright infringement are awarded for each work, up to $150,000 if the infringement was willful. 17 U.S.C. § 504(c).

At trial, the district court sided with Sullivan and instructed the jury that each illustration was "an independent, copyrighted work." Dkt. 254, at 2. The jury ultimately awarded $3.6 million in statutory damages. Dkt. 257.

On appeal, the court of appeals held that an illustration is a separate work only if it has "independent economic value" apart from the collection in which it is included. *Sullivan v. Flora, Inc.*, 936 F.3d 562, 571 (7th Cir. 2019) (*Sullivan I*). That is not the test the district court had applied, and the court of appeals determined that it couldn't apply the test itself on "the record as it presently stands." *Id.* at 572. So the court of appeals remanded the case to the district court "to structure the proceedings to enable the requisite findings pertinent to statutory damages." *Id.*

On remand, the district court invited briefing and then concluded as a matter of law that each of the 33 illustrations was a separate work. Dkt. 356. The court upheld the original statutory damages awarded by the jury. *Id.*

On the second appeal, the court of appeals held that there were genuine issues of material fact regarding how many separate works were at issue, so the district court should have allowed a jury to decide the question. *Sullivan v. Flora, Inc.*, 63 F.4th 1130, 1140 (7th Cir. 2023) (*Sullivan II*). The court of appeals again remanded the case and directed the district court to hold a new trial. *Id.* at 1145. The case was reassigned to a new judge pursuant to Circuit Rule 36.

As they did after the first remand, the parties dispute what issues need to be decided on the second remand. Sullivan says that the sole question for the jury is how many individual works are included in the two collections. Once the jury makes that determination, Sullivan contends, determining statutory damages involves simply multiplying the new jury's number

by $109,090.909, which represents one thirty-third of the first jury's statutory damages award. Flora says that the jury must determine both the number of works and the amount of statutory damages.

The court held a video conference to determine how to resolve the dispute. Based on the discussion with the parties and the court's own initial review, it appeared that there was no obvious resolution of the issue in dispute. So the court decided on the following course of action. First, the parties would flesh out their positions in briefs. Second, after reviewing the briefs, the court would decide what the scope of the trial would be. Third, regardless of which position the court adopted, the court would certify the issue for an interlocutory appeal under 28 U.S.C. § 1292(b). That's an unusual step, but it makes sense under the circumstances. If this court were to proceed directly to trial without an interlocutory appeal, it could result in needing to try the case a third time, if the court of appeals later determined that the scope of the trial should have been broader or narrower. The parties agreed with that approach, and the court set a briefing schedule.

The court has reviewed the briefs, and the issue is now ready for decision.

ANALYSIS

The court continues to believe that both parties have reasonable arguments rooted in the opinion in *Sullivan II*. But the court is persuaded that the question of the number of works necessarily affects the amount of statutory damages, so the new trial must include both issues.

Each side relies on different passages from the court of appeals' decision. Sullivan's strongest support is the following sentence: "The scope of our remand (and the trial) is narrow and is limited to determining whether Sullivan's illustrations 'constitute 33 individual works

3

or instead are parts of two compilations." *Sullivan II*, 63 F.4th at 1145. Read in isolation, that sentence seems to resolve the dispute in Sullivan's favor. But reading other portions of the opinion calls that conclusion into question.

First, the court of appeals noted that its previous opinion had "vacated the jury's statutory damages award," *id.* at 1144, which means that the court of appeals nullified that award, *Vacate*, Black's Law Dictionary (11th ed. 2019), suggesting that any new trial must decide statutory damages anew. Second, the court also stated that "[d]etermining whether the individual works are part of a compilation is a *threshold* statutory damages question." *Sullivan II*, 63 F.4th at 1145 (emphasis added). This suggests that a new decision on the number of works leads to reconsideration of the amount of statutory damages as well. Third, the court stated when describing the scope of the remand that "[t]his case will now proceed to trial on the question of damages," *id.*, suggesting that the court understood that the issue of the number of works was simply the first step in determining a new statutory damages award.[1] Fourth, the court identified the issues that could not be relitigated on remand: infringement and joint authorship. *Id.* The court did not say that it had taken the amount of statutory damages away from the second jury.

These other portions of the court of appeals' decision are not so clear that they leave no room for doubt. But what tips the scales in favor of Flora is that Sullivan doesn't explain how a jury could render a decision about the number of works without also deciding the amount of statutory damages for each work. The two issues are inextricably intertwined. How

---

[1] Sullivan says that the court of appeals' reference to a "trial on the question of damages" can't be taken literally because that would mean that a new trial is also required on actual damages and compensatory damages. But the court of appeals vacated only the award of statutory damages, so it is clear from context that the court wasn't suggesting a retrial of actual damages.

a jury decides which illustrations or group of illustrations have "independent economic value" could also affect how the jury determines what an appropriate statutory damages award is. In fact, some of the factors relevant to determining statutory damages, such as profits earned and revenues lost, could also be relevant to determining an illustration's economic value. *See* Seventh Circuit Pattern Instruction 12.8.4.

Sullivan's belief that the two issues can be separated is based on her view that the first jury already determined the amount that Sullivant is entitled to receive for each illustration or collection of illustrations that qualifies as one work. That's incorrect. The sole question on the special verdict form about statutory damages asked the jury to decide the total amount of those damages. Dkt. 257. The jury was not asked to decide the amount of damages for a each work individually, and Sullivan points to nothing to support a legal presumption that statutory damages for each work in a collection would be the same.

It seems highly unlikely that the jury actually determined that Sullivan should be awarded the same amount for each illustration, for two reasons. First, as already noted, dividing the jury's total statutory damages award ($3,600,000) by the number of illustrations (33) does not generate a whole number. It would be surprising that the jury would determine that each illustration was worth a number that could not even be awarded individually. Second, there is evidence that not all the illustrations have equal value. As the court of appeals observed, some of the illustrations are "background textures" and are just one solid color. *Sullivan*, 63 F.4th at 1145. Sullivan doesn't explain why it would be appropriate to assume that the jury awarded the same statutory damages for those illustrations as others that included more content.

Instead of relying on a finding by the jury, Sullivan cites Judge Conley's June 29, 2018 opinion and order in which he wrote that "it appears that the jury awarded roughly $110,000

per work." Dkt. 327, at 11. But that was said in the context of concluding that the jury must have found that Flora acted willfully because a jury may not award more than $30,000 per work for nonwillful violations. That was simple arithmetic, not a finding regarding the amount of damages that the jury had assigned to any particular illustration.

For similar reasons, the court is not persuaded by Sullivan's waiver argument. Sullivan says that Flora waived its right to challenge using $109,090.909 as the "per work" amount of statutory damages to be awarded in this case because Flora did not raise that issue with the court of appeals. But neither the jury nor Judge Conley found that each illustration was worth $109,090.909, so there was nothing for Flora to waive. This is really a new issue that arises because a trial on the number of independent works is required. The number of works is a threshold determination. The court of appeals recognized that "[i]ssues that arise anew on remand are generally within the scope of the remand." *Sullivan II*, 63 F.4th at 1139.

The court of appeals did not explicitly address the question of whether a new trial on the number of works requires a new trial on the amount of damages for each work. But, for reasons explained here, this court's conclusion is that the two issues cannot be separated, so a new trial on both issues is required. However, the court will certify this decision for an interlocutory appeal because it involves a controlling issue of law for which there is a substantial ground for difference of opinion. An immediate appeal may materially advance the ultimate termination of the litigation because, if this court's conclusion is incorrect, it could require this case to be tried yet a third time.

One final point. In arguing that siding with Flora would lead to a sprawling trial, Sullivan suggests that a new trial on statutory damages necessarily requires a new trial on willfulness. The court does not agree. As Judge Conley observed, the first jury implicitly decided

6

that Flora's infringement was willful. Dkt. 327, at 11. So the second jury should be instructed that Flora acted willfully. But the court agrees with Sullivan that evidence on willfulness will need to be presented again to inform the second jury's determination regarding what amount is necessary to deter and punish because that is a relevant factor to determining the amount of statutory damages. If there is disagreement between the parties on that issue, they may wish to seek guidance from the court of appeals in their interlocutory appeal.

ORDER

IT IS ORDERED that:

1. The court holds that the new trial in this case must include both the number of individual works at issue and the amount of statutory damages for each work.

2. The court certifies this issue for interlocutory appeal under 28 U.S.C. § 1292(b) because the issue is a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

3. In accordance with § 1292(b), this case is stayed for ten days to allow the parties to file an interlocutory appeal, or until the appeal is resolved, whichever is later.

4. If no party files an interlocutory appeal within ten days, the clerk of court is directed to schedule a conference with Magistrate Judge Stephen Crocker to set deadlines for motions in limine and other trial materials and to set new dates for a trial and final pretrial conference.

Entered October 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge