IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY LEE SULLIVAN d/b/a DESIGN KIT,

                    Plaintiff,

  v.                                              OPINION and ORDER

FLORA, INC.,                                        15-cv-298-jdp

                    Defendant.

---

Plaintiff Amy Lee Sullivan is suing defendant Flora, Inc. for copyright infringement of 33 illustrations that she created for Flora as part of two advertising campaigns. All issues regarding infringement, including willfulness, were resolved in a previous trial. The case is scheduled for trial on August 12 to decide the issue of statutory damages. The first jury decided that issue too, but the court of appeals vacated that decision—twice—because the district court decided as a matter of law when it should have allowed the jury to decide the question whether the illustrations were 33 individual works or two compilations. *Sullivan v. Flora, Inc.*, 936 F.3d 562 (7th Cir. 2019); *Sullivan v. Flora, Inc.*, 63 F.4th 1130 (7th Cir. 2023).[1] The court of appeals referred to the 2019 decision as *Flora I* and the 2023 as *Flora II*, so this court will do the same.

This order addresses the pending motions before the court, resolving some of the motions and reserving a ruling on others for further discussion during the final pretrial conference.

---

[1] After the second remand, the case was reassigned to a different judge.

ANALYSIS

A.  Sullivan's motions in limine

   1.  Motion regarding communications between Joseph Silver and Tricia Terpstra

Joseph Silver was the production specialist Flora hired to develop two animated videos for its products "7-Sources" and "Flor-Essence." Tricia Terpstra was a marketing executive for Flora. Sullivan wishes to exclude any testimony and exhibits regarding communications from Silver to Terpstra in which Silver expressed opinions that he was a joint author of the 33 illustrations at issue, that Sullivan performed work for hire, or that Sullivan did not have a valid copyright for any other reason. Sullivan contends that such evidence is no longer relevant because the court of appeals already affirmed the jury's determination that Flora willfully infringed Flora's copyrights. Sullivan also contends that the testimony is improper expert testimony, hearsay, and unfairly prejudicial. Sullivan lists numerous exhibits from the first trial that she says should be excluded.

Flora does not dispute that infringement and willfulness were resolved in the first trial, it says it does not intend to call Silver as a witness, and it does not seek to offer most of the exhibits on Sullivan's list. But it says that it should be permitted to offer Exhibit 603, which is an email from Silver to Terpstra that includes the following statements:

> We double-checked and have confirmed that the Flora videos do not violate any copyrights. All illustrators and animators we use are For Hire, and none have been granted copyrights either by written or verbal contract. Furthermore, all illustrators and animators, including the one who emailed Flora, have been paid in full for their services.
>
> It's unclear to me why the vendor in question decided to contact you in this fashion. But I wanted to assure you that everything is in order regarding copyrights. If she continues to contact Flora, please feel free to let me know so that I can handle the situation for you.

Flora contends that the email is relevant to showing the "circumstances of infringement," which is one of the factors for assessing the amount of statutory damages. Seventh Circuit Pattern Jury Instruction 12.8.4. Flora does not explain what it means by this, but the only apparent relevance of the email is to show that Terpstra relied on Silver's representation when deciding to use Sullivan's illustrations without Sullivan's permission.[2] So the only "circumstances of infringement" this email shows are related to willfulness. Allowing Flora to present this exhibit would likely only confuse the jury regarding how they should consider the evidence in light of the instruction that defendant's infringement was willful.

The court's tentative conclusion is to exclude Exhibit 603 and any related testimony. But this ruling could work both ways. If Flora cannot present evidence undermining a finding of willfulness, then it may follow that Sullivan cannot present evidence supporting a finding of willfulness. If Sullivan believes that she should be allowed to present additional evidence beyond that instruction to show the *degree* of willfulness, it raises the question whether Flora should be allowed to do the same, and, if so, what evidence is permissible.

So the court will reserve a ruling on this motion to allow further discussion during the final pretrial conference on the following issues: (1) whether Sullivan plans to offer evidence regarding the fact or degree of willfulness; (2) if so, whether Sullivan should be permitted to offer such evidence; and (3) if so, whether Exhibit 603 or other similar evidence is admissible to rebut Sullivan's evidence.

---

[2] For this reason, the court disagrees with Sullivan's objections that the exhibit is improper expert testimony or inadmissible hearsay. The exhibit is not being offered for the truth, but for the effect that it had on Flora.

## 2. Motion regarding Dennis Kleinheinz testimony

Dennis Kleinheinz is a financial evaluation expert. Among other things, his report calculates Flora's net profits on 7 Sources, Flor-Essence, and Floradix between 2013 and 2016. Dkt. 134.[3] As with Mager, Sullivan includes Kleinheinz on her witness list, Dkt. 390, but this motion is not about Kleinheinz's testimony at trial. Rather, Sullivan wishes to present Kleinheinz's calculations to the jury as "undisputed facts." Dkt. 397, at 2. She does not explain the purpose of the evidence.

Flora does not dispute the accuracy of Kleinheinz's figures, but Flora says that its net profits are not relevant. It acknowledges that the Seventh Circuit pattern jury instructions list "the expenses that Defendant saved and the profits that he earned because of the infringement" as a relevant factor in determining statutory damages. Seventh Circuit Instruction 12.8.4. But Flora says that is a different question from the amount of net profits, and Kleinheinz did not offer any opinions on the effect that Sullivan's illustrations had on Flora's sales. Without the causal connection, Flora says that Sullivan cannot rely on Flora's profits as a measure of damages.[4]

As Flora points out, the factor identified in the pattern instruction is not about all profits; it is about profits earned "because of the infringement." It does not appear that

---

[3] Floradix is another Flora product. Sullivan produced evidence in the first trial that Flora used her illustrations in videos to promote that product. Dkt. 327, at 18.

[4] Flora also says that the factor in the pattern jury instructions about lost profits is not discussed in Seventh Circuit case law, suggesting it is not actually a factor the jury should consider. But the district court used the pattern jury instructions during the first trial, see Dkt. 254, at 3, and Flora did not object to them on appeal. So Flora forfeited any objections on remand. *Sullivan*, 63 F.4th at 1138 ("[A]ny issue that could have been but was not raised on appeal is waived.").

Kleinheinz gave an opinion about the portion of Flora's profits that are attributable to the infringement.

The court cannot rule on it without knowing the purpose of the evidence or whether Sullivan has other admissible evidence showing what portion of Flora's profits were attributable to the infringement. The parties should be prepared to discuss these issues during the final pretrial conference.

Flora objects to Kleinheinz's testimony on two other grounds as well. First, Flora says that Judge Conley excluded Kleinheinz's testimony from the first trial, and it cites one of Judge Conley's pretrial rulings. Dkt. 411, at 1 (citing Dkt. 203). That is misleading. The order Flora cites did not exclude evidence about Flora's profits. Rather, Judge Conley concluded that Kleinheinz's testimony was not needed because there was no factual dispute about Kleinheinz's figures, so the parties could stipulate to Flora's net profits. Dkt. 203, at 8. Second, Flora says that Sullivan did not disclose Kleinheinz as an expert on "statutory damages." But Sullivan is not offering Kleinheinz as an expert on statutory damages; she just wants to present his calculations on Flora's profits, which Flora does not dispute. So the only question is whether those figures are relevant to any issue the jury will consider in light of other evidence that Sullivan intends to offer. That should be the focus of the discussion during the final pretrial conference.

### 3. Motion to permit Sullivan to use a computer while testifying

Sullivan says that she created the illustrations at issue on an Apple computer, but "[t]he computer systems used by Sullivan's attorneys and the related trial software are Windows-based systems." Dkt. 398, at 1. Sullivan asks for permission "to show things, if necessary, on her Apple computer in order to adequately present evidence to the jury." *Id.*

5

Flora does not say whether it objects generally to Sullivan's use of a computer while testifying. Instead, it objects to Sullivan using her computer to "present expert opinion testimony" or "present[] any factual information regarding storage of electronic files by Flora." Dkt. 412, at 1.

The court cannot rule on this motion without more information. Sullivan does not provide any details in her motion regarding *how* she plans on relying on her computer to present evidence, and how that evidence will be displayed to the jury and others in the courtroom. Flora seems to assume that Sullivan is attempting to serve as her own expert or testify about electronic storage, but that is not what the motion says. The court will reserve a ruling on this motion, so Sullivan can provide details about why and how she wishes to use an Apple computer while testifying.

4. **Motion regarding previous court proceedings**

Sullivan asks that the jury be instructed that she has already proven infringement and that Flora acted willfully. She did not submit a single proposed instruction that provides the necessary background information. Instead, different parts of that information are repeated throughout numerous instructions that Sullivan proposes.

Flora does not oppose the motion in principle, but it asks "that such an instruction(s) takes the form of what was submitted in Flora's Proposed Jury Instructions." Dkt 413, at 1. Flora does not identify where in its proposed instructions that specific proposal is. Its proposed statement of the case includes one sentence on the issue: "A first trial determined that Flora willfully infringed two Copyright Registrations owned by Sullivan for uses of illustrations outside of the motion graphics." Dkt. 404, at 2. Flora also asks for a ruling that the parties not refer to the first jury's damages determinations.

The court agrees with the parties that an instruction will be needed to inform the jury what issues have already been decided. But there should be *one* instruction that summarizes the issues that have already been decided and are relevant to the jury's determinations for this trial. That instruction will need to have enough context so the jury understands what the instruction means, so basic concepts like copyright infringement and willfulness may need to be explained. But the details of the first trial or any subsidiary finding, such as the finding on joint authorship, are unnecessary. Neither side should be raising those issues in this trial, so they do not need to be explained to the jury. The parties should confer on an appropriate instruction that can be read to the jury at the beginning of the trial about issues already resolved. If the parties cannot agree, they may submit competing proposals, along with any objections to the other side's proposal.

The court also agrees with Flora that the parties should not be discussing the first jury's statutory damages award. If Sullivan believes that the first jury's damages findings are relevant, she may raise that issue during the final pretrial conference.

### 5.  Motion regarding burden of proof

Sullivan seeks a ruling that Flora has the burden to show that the 33 illustrations at issue are part of two compilations rather individual works. But the general rule is that plaintiff has the burden to prove damages, *Assaf v. Trinity Medical Center,* 821 F.3d 847, 848 (7th Cir. 2016) and, as Sullivan acknowledges, "[d]etermining whether individual works are part of a compilation is a threshold statutory damages question." *Flora II*, 63 F.4th at 1144. Sullivan cites no authority that treated this issue as an affirmative defense that the defendant must prove or that created a presumption in favor of the copyright holder.

The reasons Sullivan provides for flipping the burden are not persuasive. First, she says that the court of appeals referred to Flora's position on the compilation-versus-individual-works issue as a "contention." She quotes the following two sentences: (1) "Flora disagreed, contending that the illustrations were part of two broader compilations and thus, if Sullivan prevailed, §504(c)(1) limited her to just two statutory damage awards—one award for infringement on the illustrations used in each of the two advertising campaigns." *Flora I*, 936 F.3d at 565; and (2) "Flora's main contention on appeal is that the district court committed legal error in determining that Sullivan could collect statutory damages for infringement on each of the 33 illustrations as separate works." *Id.* at 567. These statements are not informative. A contention is simply a position that a party takes on an issue. A party can "contend" that an issue should be decided in its favor regardless of where the burden lies. The court of appeals did not hold or imply that Flora has the burden of proof.

There is a passage in *Flora II* that Sullivan does not cite in her motion but is worth mentioning. It is in the context of the court's discussion of Flora's argument that some of the 33 illustrations do not have independent economic value because they contain "Flora-specific content—e.g., Flora trademarks, product names, and logos." *Flora II*, 63 F.4th at 1144. The court of appeals concluded that the district court should not have rejected this argument as a matter of law, reasoning as follows:

> [T]he district court criticized Flora for "nitpick[ing] individual illustrations or aspects of individual illustrations, arguing that at least some of the 33 illustrations do not have separate economic value." We remanded, however, for Flora to do just that: to try and prove that certain illustrations lack independent economic value. Flora has successfully created a genuine dispute of material fact on these issues.

*Id.* This court does not read this passage as shifting the burden of proof to Flora. The reference to what Flora could "try and prove" was not a statement about which party has the burden of proof. Rather, the court made the statement in the context holding that the district court erred by taking an issue away from the jury. So the statement is most reasonably read to mean only that Flora was entitled to present its evidence to the jury. If the court of appeals had intended to issue a holding on the burden of proof, it is unlikely that the court would have buried that holding in a discussion about a different issue.

Second, Sullivan says that she proved during the first trial that she is the sole author of all 33 illustrations and that Flora infringed her copyrights. These observations are true but beside the point. Those are issues of liability. Proving liability does not relieve the plaintiff of proving damages.

Third, Sullivan says that placing the burden of proof on her will require her to prove a negative, specifically, that her illustrations are not part of two compilations. But the question before the jury will be whether some or all of the illustrations have independent economic value, apart from the collection in which they are included. *Flora I*, 936 F.3d at 572. If the court were to accept Sullivan's position, it would require Flora, not Sullivan, to prove the negative that the illustrations do not have economic value.

The bottom line is that determining whether the illustrations have independent economic value is ultimately part of the question of what Sullivan's damages are, so it is appropriate to place the burden of proving that issue on Sullivan. The court will deny this motion.

### 6. Motion regarding Danny Mager

Danny Mager served as an expert witness for Sullivan in the first trial. Among other things, Mager offered an opinion in his report that between $3,000 and $6,000 "is a reasonable amount for [each] re-use of Amy Sullivan's illustrations given the complexity of her illustrations and the international, multi-language intended uses of her work." Dkt. 132, at 7. During trial, Mager clarified that he was referring to the "market value" of each use of each illustration, not the illustrations collectively. Trial Trans., Dkt. 277, at 33:13–19.

Mager is included on Sullivan's witness list, Dkt. 390, but she appears to be requesting in her motion that she provide a summary of his opinion during the trial in lieu of testimony:

> The opinion testified to by Mager should be admitted as undisputed evidence. Sullivan should not be required to incur additional expenses for preparation and testimony of an expert witness where the testimony is known, clear and agreed to by the parties.
>
> The jury should be instructed that: "Mr. Mager was engaged as a marketing expert on behalf of the Plaintiff Amy Sullivan, d/b/a Design Kit ('Sullivan') to testify about the market value of the use of Sullivan's individual illustrations. Mr. Mager's testimony is based on his 30-plus years of experience working in the creative marketing and advertising industry and in consideration of information he reviewed in professional publications by his various marketing associations and with reference to the Graphic Artist Guild Handbook 'Pricing and Ethical Guideline'—it is his opinion that each additional use of each of Sullivan's registered illustrations have a market value of between $3,000.00 and $6,000.00."

Dkt. 401, at 2.

Flora objects to the summary and to allowing Mager to testify, relying on a portion of *Flora II* in which the court of appeals was discussing the district court's reasons for concluding as a matter of law that Sullivan could obtain statutory damages for each illustration. The district court had relied in part on Mager's trial testimony "that the illustrations had

10

stand-alone, economic value to the copyright holder." 63 F.4th at 1143. The court of appeals rejected this argument, reasoning as follows:

> Sullivan's expert, Mager, was disclosed as an expert on, and testified regarding, actual damages, not statutory damages. Neither party disclosed an expert to testify as to statutory damages. Specifically, Mager testified that "the market value" "for a reuse of each illustration" is "[b]etween 3 and $6,000." The district court erred by relying on Mager's testimony regarding actual damages to grant summary judgment on the issue of statutory damages. Mager did not base his opinion on any independent evaluation of the specific illustrations at issue. Indeed, Mager did not even know how many illustrations there were, stating "I think it was 44 illustrations." Instead, Mager's testimony assumed that each of the 33 illustrations were entitled to a separate statutory damages award—which was proper at the time, considering the court had previously instructed the jury that it may consider each of the 33 illustrations as "an independent, copyrighted work"—then used his personal experience and "benchmarks to determine [reuse] price, including the Graphic Artists Guild Handbook for Pricing & Ethical Guidelines and the Second Wind Pricing Survey."
>
> We vacated the jury's statutory damages award, however, because the court failed to instruct the jury on the independent economic value test, and we remanded for the court to apply that test and determine the correct number of statutory damages awards. *Flora I*, 936 F.3d at 572. Finding that an illustration is entitled to a separate statutory damages award requires first finding that the illustration has independent economic value. Thus, Mager's testimony, which assumed that Sullivan's illustrations were each entitled to a separate statutory damages award (i.e., assumed the illustrations had independent economic value), cannot now (without more) be used to establish that those same illustrations have independent economic value in the first place. Mager's testimony may be relevant to whether or not any individual illustration constitutes a "work," but it does not conclusively show that any illustration is not nonetheless part of a "compilation."

63 F.4th at 1143–44.

As has been the case with other aspects of the court of appeals' opinion, the parties disagree about what this passage means for the admissibility of Mager's testimony. Flora reads

11

the passage to mean that Mager may not testify about issues related to statutory damages. Sullivan believes that the court of appeals left the door open on that issue.

This court's reading of *Flora II* is that Sullivan may not rely on Mager to establish that any of the individual illustrations have independent economic value. As the court of appeals observed, Mager simply assumed that they did. This renders Mager's opinion unhelpful to the jury. Even if Sullivan establishes with other evidence that all of the illustrations have independent economic value, Mager's opinion would not help to establish the economic value for a particular illustration because, as the court of appeals observed, "Mager did not base his opinion on any independent evaluation of the specific illustrations at issue." So if Sullivan wanted to rely on Mager to place a value on each illustration, Mager would have needed to amend his report to conduct an evaluation of each illustration. Without such an evaluation, Mager's opinion that each use of an illustration has a market value of $3,000 to $6,000 has no foundation and is therefore inadmissible.

The court will deny this motion. Sullivan may not rely on Mager's opinion that each use of each illustration has a market value of $3,000 to $6,000.

B. Flora's motions in limine

1. **Motion to present Tricia Terpstra's testimony by video deposition**

As already discussed, Terpstra was a marketing executive for Flora during the events relevant to this case. Flora says that Terpstra is no longer an employee, and she lives in Washington, so she cannot be compelled to travel to Wisconsin for trial. Flora seeks permission to present her deposition testimony at trial under Federal Rule of Civil Procedure 32(a). The transcript of the deposition is on the docket. Dkt. 385.

Sullivan does not object to using the deposition in lieu of live trial testimony, so the court will grant this motion. Sullivan raises a substantive objection to pages 28 and 29 of Terpstra's deposition testimony, in which Terpstra discusses Exhibit 603. The court discussed Exhibit 603 in the context of Sullivan's motion in limine regarding communications between Terpstra and Silver. The court's tentative conclusion was to exclude that exhibit and related testimony. But the court reserved a ruling to allow further discussion during the final pretrial conference. The resolution of that issue will also resolve Sullivan's objection to pages 28 and 29 of the deposition.

2.  **Motion to exclude to expert testimony on statutory damages**

This motion is essentially the mirror image of Sullivan's motion regarding Danny Mager. The only expert testimony that Sullivan wishes to present on statutory damages is Mager's opinion that the market value of each illustration is $3,000 to $6,000. The court explained in its ruling on Sullivan's motion regarding Danny Mager why that opinion is not admissible. The court will grant this motion.

One other issue requires attention. Both parties seek leave to make minor changes to their proposed jury instructions, and they have submitted the revised versions. Dkt. 429 and Dkt. 430. The court will grant these motions.

ORDER

IT IS ORDERED that:

1. The court rules on plaintiff Amy Lee Sullivan's motions in limine as follows:
    a. The motion regarding communications between Joseph Silver and Tricia Terpstra, Dkt. 396, is GRANTED as unopposed as to all evidence other

13

than Exhibit 603 and related testimony. The court reserves a ruling on that aspect of the motion.

b. The court reserves a ruling on the motion regarding the testimony of Dennis Kleinheinz, Dkt. 397.

c. The court reserves a ruling regarding the use by Sullivan of an Apple computer, Dkt. 398.

d. The motion regarding references to the first trial and subsequent appeals, Dkt. 399, is GRANTED. The parties are directed to confer on an appropriate instruction that can be read to the jury at the beginning of the trial about issues already decided. If the parties cannot agree, they should exchange proposals with each other and then submit competing proposals to the court, along with any objections to the other side's proposal. The deadline for the joint submission or competing submissions is 10 a.m. on July 31.

e. The motion regarding the burden of proof, Dkt. 400, is DENIED. The burden on proving damages remains with Sullivan.

f. The motion regarding the testimony of Danny Mager, Dkt. 401, is DENIED. Sullivan may not rely on Mager's opinion that each use of each illustration has a market value of $3,000 to $6,000.

2. The court rules on defendant Flora, Inc.'s motions in limine as follows:

    a. The motion to present the video deposition of Tricia Terpstra, Dkt. 383, is GRANTED as unopposed. The court will determine during the final pretrial conference which portions of the video deposition will be permitted at trial.

    b. The motion to exclude expert testimony on statutory damages, Dkt. 393, is GRANTED.

3. The parties' motions for leave to amend their proposed jury instructions, Dkt. 429 and Dkt. 430, are GRANTED.

Entered July 29, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge