IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY LEE SULLIVAN d/b/a DESIGN KIT,

                      Plaintiff,

v.                                                                                              OPINION and ORDER

FLORA, INC.,                                                                         15-cv-298-jdp

                      Defendant.

---

This case is scheduled for trial on August 12 to determine damages for copyright infringement. This order will address the categories of objections that the parties raise to each other's revised exhibit lists, Dkt. 452 and Dkt. 453, along with Flora's objections to Sullivan's revised deposition designations, Dkt. 454. Sullivan did not file any objections to Flora's revised deposition designations.

**A.  Objections to Sullivan's exhibits**

First, Flora objects to the admission of digital files. Sullivan opposes the motion with her own motion in limine. Dkt. 464. The court agrees with Sullivan.

Flora contends that Sullivan's registrations are only for "2-D artwork," so the digital files are irrelevant. Judge Conley did distinguish between Sullivan's source files and the .jpg images of the registered illustrations. Dkt. 101 at 1. But Judge Conley also said that the source files were "material to the question of copying, perhaps compellingly so." *Id*. Sullivan's evidence shows that Flora acquired the source files and then used those files to create derivative works based on Sullivan's works. It's no defense to a charge of infringement that the infringer did not copy the whole original. The source files and the ways in which Flora used those files are

evidence of the extent of Flora's copying. Flora' objection is overruled, and Sullivan's motion in limine, Dkt. 464, is GRANTED.

Flora also says that Sullivan has not been disclosed as an expert, so she may not provide "analysis of digital files produced by Flora." The court will not allow Sullivan to testify that Flora's work is "substantially similar" to her own because she is not qualified as an expert, and the issue of infringement has already been decided. But Sullivan may testify as lay witness to explain how she created her works and to identify elements of her own work that she sees in Flora's work. She may incidentally touch on some of the technical details of how the programs used work, but that does not transform her explanation into expert testimony. Trant offers similar testimony, to which Flora has not objected. The court will follow Judge Conley and overrule Flora's objection to Sullivan's testimony.

Flora objects to any exhibits that show only portions of copyrighted illustrations. Flora says that these exhibits "could only provide confusion regarding the number of works, or waste time describing Sullivan's creative process when authorship has already been decided in Sullivan's favor." Dkt. 453-1, at 12. Sullivan is entitled to present evidence on the extent of Flora's infringement, and that includes Flora's use of portions of the illustrations. This objection is overruled.

Third, Flora objects to exhibits "about Floradix and other materials that do not have a corresponding image in her copyright registrations." *Id.* 16. As this court previously noted, Judge Conley already determined that Sullivan produced evidence in the first trial that Flora used her illustrations in videos to promote Floradix. Dkt. 433, at 4 (citing Dkt. 327, at 18). Flora does not say whether Judge Conley admitted these exhibits in the previous trial. If there are no components of Sullivan's illustrations in a particular exhibit, the court will sustain the

objection, but if Sullivan can identify components of her work in an exhibit, the court will allow the exhibit. The court will reserve a ruling for now. Sullivan should be prepared to discuss these exhibits during the Friday conference and identify what Sullivan or any other witness will testify about the exhibits.

Fourth, Flora objects to two exhibits that it says were not disclosed before Sullivan submitted her exhibit list. Exhibit 423 appears to be a page from a blog post. Exhibit 424 lists several links to websites. Flora does not identify any prejudice it suffered from a late disclosure, but the court will reserve a ruling on this issue to give Sullivan an opportunity to explain during the Friday conference the relevance of the exhibits and why she did not disclose them sooner.

The court also notes that Sullivan's pared-down exhibit list is still 15 pages and includes hundreds of exhibits. Sullivan should be prepared to identify during the Friday conference how many of these exhibits she plans to offer at trial. The court will not allow cumulative evidence.

## B. Objections to Flora's exhibits

Sullivan objects to six of Sullivan's exhibits on the ground that Sullivan offered them in the first trial for the purpose of showing joint authorship, which is no longer at issue. These are exhibits 137, 151, 152, 153, 536, 644. Four are these are storyboards and written descriptions of the motion graphic videos (137, 151, 152, 536), one is a brochure (153), and one is a print ad (644).

If Flora intends to introduce these exhibits to show joint authorship, they are not admissible. But the exhibits may be relevant for another purpose. So the court will reserve a ruling on this. Flora should be prepared to explain the purpose of the exhibits during Friday's conference. Both parties should also be prepared to identify any other specific objections to exhibits not discussed in this order.

One last point on exhibits. The court directed Flora to renumber exhibits to conform to the court's procedures (plaintiffs use 1–500, defendants use 501 and up). Flora asks that it be allowed to keep the original numbering because that is how the exhibits were identified in Tricia Terpstra's video deposition, which will be played at trial. Dkt. 449-1. That request is granted.

C.  **Sullivan's deposition designations**

The court sustains Flora's objections to the following portions of Tricia Terpstra's 2016 deposition:

- page 79, line 12 through page 80, line 5
- page 80, lines 12 though 16
- page 91, line 4 through page 92, line 9.

All other objections to the deposition designations for Terpstra and Trant are overruled. The court also overrules the specific objections to the designations for Shane Hart. The court will reserve ruling on the general objection to the testimony of Hart and the other witnesses on Sullivan's may-call list. Sullivan should be prepared to explain during the Friday conference why those other witnesses' testimony may be needed.

Entered August 8, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge