IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY LEE SULLIVAN d/b/a DESIGN KIT,

                        Plaintiff,

    v.                                                  OPINION and ORDER

FLORA, INC.,                                      15-cv-298-jdp

                        Defendant.

---

The parties submitted objections to the 8/2 drafts of the voir dire, jury instructions and special verdict form. The court has removed from the voir dire the witnesses that the parties requested to be removed. The court has also added a reference to penalizing the defendant in both the introductory and post-trial instructions. This is consistent with *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229–30 (7th Cir. 1991), which states that statutory damages "may be designed to penalize the infringer and to deter future violations."

The court will explain why it is not adopting most of the parties' other proposed changes.

Sullivan objects to use of the word "collection" in the trial documents, and she proposes to replace the word with the phrase "motion graphic videos." The court overrules that objection for three reasons. First, Sullivan herself used the word collection in her copyright registrations. Second, Judge Conley used that word in the first trial to describe the illustrations, and no party challenged that issue on appeal. Third, Sullivan owns a copyright in her illustrations, not the motion graphic videos, so using that phrase could be confusing for the jury.

Flora says that there are 31 illustrations, not 33, as the parties, this court, and the court of appeals have assumed all along. It appears that Flora believes that "Storyboard" from the

7-Sources Collection and "Amy Tex Bubble" from the Flor-Essence Collection should be removed. But Sullivan's registrations list 17 illustrations for the 7-Sources Collection and 16 illustrations for the Flor-Essence Collection, so 33 is the number that will be on the trial documents. Flora is free to argue to the jury why it believes that some of the illustrations do not have independent economic value.

Flora's proposal raises another question, which is how the verdict should refer to the illustrations. The current draft refers to each illustration by a number between 1 and 33 to ensure that no illustration has the same number. But there is an argument that each illustration should be give the same designation that the registration gives it. The court will take the parties input on that question during the Friday conference.

Sullivan asks to remove references in the instructions to her burden to prove damages. Sullivan neither explains this objection nor cites any authority for it. The general rule is that a plaintiff has the burden to prove her damages, so the court declines to remove this language in the absence of authority supporting Sullivan's position. However, the court will add the word "statutory" to the phrase "Sullivan has the burden of proving her damages" in the introductory instructions.

Flora objects to the following sentence in the introductory instructions: "Sullivan created and owns the 33 illustrations, which she licensed Flora to use only in the two motion graphic videos." Flora wants to change the sentence to say, "Sullivan created and owns the two copyright registrations that contain a total of 31 illustrations." The court understands that Flora wants to emphasize the two registrations rather than the individual illustrations. But it is incorrect to say that Sullivan "owns" two registrations. In any event, the purpose of the introductory instructions is to provide the jury with the background information it needs to

2

understand the case, not to frame the issues in a way that supports one side's position. As the court of appeals observed, Flora is free to argue during trial that the jury should consider the way that Sullivan registered her illustrations with the copyright office.

Flora objects to including the statutory damages factor for "the amount of money that Flora saved or earned because of the infringement." Flora says that Sulivan does not have evidence relevant to this factor. If that is true, Flora can point to that as a reason to award a smaller amount of statutory damages. But it is one of the factors the jury is to consider, so it will not be removed from the instructions.

Sullivan proposes several changes to the instruction on independent economic value. The changes are based on language from the court of appeals' decision, but they are taken out of context, and they make the instruction less clear. For example, Sullivan introduces the phrase "standalone value" without defining it or explaining how it relates to the concept of "independent economic value." She also asks to add a factor for "where the market assigns value," but it is not clear what that means. Sullivan proposes to remove two sentences from the instruction: "An illustration has independent economic value if the illustration has market value as a standalone product, apart from the collection in which it is included. The illustrations in a collection do not have independent economic value if their value derives solely from being part of the collection." Those sentences are not direct quotes from the Seventh Circuit decisions, but they explain the Seventh Circuit's holdings in plain language that the jury can more easily understand. *See Gehring v. Case Corp.*, 43 F.3d 340, 344 (7th Cir.1994) ("Good instructions use simple words in short, concrete sentences."); *Balthazar v. City of Chicago*, 735 F.3d 634, 637-38 (7th Cir. 2013) ("Clarity is as important as accuracy given the limitations of jurors' comprehension.").

Flora proposes to add the following sentence to the post-trial instructions: "A separate sheet displaying all of the illustrations will be provided to you." But the jury should have the exhibit identifying all the illustrations long before deliberations. The parties will be referring to the illustrations throughout the trial, so the court expects the parties to create an exhibit that can be distributed to the parties at the beginning of trial.

Sullivan proposes slightly different phrasing for some of the instructions. She proposes that the statutory damages instruction state that the jury may award "up to" $150,000 rather than "no more than" $150,000. But she identifies no difference between the meaning of the phrases. And she proposes that one of the factors for independent economic value should be, "whether Sullivan produced the illustrations together or separately" rather than "whether Sullivan produced the illustration with other illustrations." The court chose its phrasing because the instruction is about whether a particular illustration has independent economic value, so it makes sense to focus on the "illustration" rather than the "illustrations."

Revised versions of the voir dire and jury instructions are attached. The court made no changes to the verdict form.

Entered August 8, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge